IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO TOMARO<br>3110 West Pleasant Valley Road<br>Parma, Ohio 44134<br><br>    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE<br>BANK N.A.<br>800 Brooksedge Boulevard<br>Westerville, Ohio 43081<br><br>**Serve Also:**<br><br>J.P. Morgan Chase National<br>Corporate Services, Inc.<br>c/o CT Corporation System<br>4400 Easton Commons Way,<br>Suite 125<br>Columbus, Ohio 43219<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(JURY DEMAND ENDORSED HEREIN) |

  Plaintiff Antonio Tomaro, by and through the undersigned, as his Complaint against Defendant, states and avers the following:

### PARTIES & VENUE

1. Tomaro is a former employee of Defendant J.P. Morgan Chase Bank N.A.

2. Tomaro alleges that Defendant discriminated against him on the basis of his sexual orientation and/or because he did not conform to gender stereotypes held by Defendant, in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and Ohio Rev. Code § 4112.

3. Tomaro alleges that Defendant retaliated against him because of his opposition to, and complaints of, conduct proscribed by and/or conduct he

reasonably believed to be proscribed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and Ohio Rev. Code § 4112.

4. Tomaro alleges that Defendant terminated him in a manner that jeopardizes the public policy of the state of Ohio.

5. J.P. Morgan Chase Bank N.A. is a foreign corporation that transacts business in the state of Ohio, in which it employed Tomaro, and in which maintains a place of business at 800 Brooksedge Boulevard in Westerville, Ohio.

6. At all times material herein, Defendant was Tomaro's employer pursuant to 42 U.S.C. § 2000e (b) and Ohio Rev. Code § 4112.01 (A)(2).

7. Jurisdiction is proper over Defendant pursuant to 28 U.S.C. § 1331, in that Tomaro is alleging federal law claims arising under Title VII of the Civil Rights Act of 1964.

8. This Court has supplemental jurisdiction over the state law claims alleged herein, pursuant to 28 U.S.C. § 1367.

9. Venue is properly placed in the Unites States District Court for the Southern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

10. Within 300 days of the conduct alleged below, Tomaro initiated a dual-filed Charge of Discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission.

11. On August 30, 2021, the EEOC issued a Right to Sue letter, providing Tomaro the right to bring this suit related to EEOC Charge No. 22A-2021-00287C.

12. Tomaro brings this action within 90 days of the above-referenced EEOC Right to Sue letter, and within two years of the acts alleged to be in contravention of Ohio Rev. Code § 4112.

13. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## FACTS

14. In or around May of 2007, Defendant hired Tomaro as a sales assistant.

15. Over the next decade, Tomaro held positions of increasing responsibility with Defendant.

16. Tomaro is homosexual.

17. Throughout his employment with Defendant, Tomaro experienced a pattern of discrimination and retaliation directly related to his sexual orientation.

18. In or around April of 2017, while working at a J.P. Morgan Chase branch in Ft. Lauderdale, Florida, Tomaro's branch manager propositioned Tomaro to have sexual relations with the manager and his husband.

19. Following Tomaro's complaints about his manager's sexual propositions, Defendant moved Tomaro to a less desirable location.

20. Frustrated with the lack of opportunity at his new branch, Tomaro applied for a position as a financial consultant at Defendant's Westerville, Ohio location, which role Tomaro assumed in or around November of 2020.

21. In or around February of 2020, Tomaro went on two dates with a man who turned out to be violent, and who on their second date brandished a firearm.

22. When Tomaro cut ties with this violent date, the man undertook a course of stalking, intimidation, and harassment against Tomaro.

23. On or around March 29, 2020, an individual purporting to be Tomaro emailed Tomaro's supervisor nude photographs of Tomaro.

24. Upon information and belief, and as Tomaro informed Defendant at the time,

Tomaro's violent former date is the individual who emailed Tomaro's supervisor the nude photographs.

25. Following the emailing of nude photographs, Defendant placed Tomaro on administrative leave until May 18, 2020.

26. Following the emailing of nude photographs, Tomaro informed Defendant that he was the victim of common law assault, online harassment, and stalking, and that the nude photographs had been emailed to his supervisor by his harasser.

27. On May 19, 2020, Defendant issued Tomaro a written warning, stating that Tomaro had either inadvertently emailed the photographs himself or exercised poor judgment in allowing such photographs to be taken and shared by someone else.

28. Following Tomaro's return from administrative leave, Defendant placed him on a performance improvement plan, which ended on July 18, 2020.

29. On July 31, 2020, Defendant placed Tomaro on a second performance improvement plan.

30. Among the alleged deficiencies Defendant gave in support of the performance improvement plans were incidents Defendant claims to have discovered after the nude photograph incident, but which occurred well before the incident, and which were merely pretext for unlawful retaliation and discrimination.

31. On or about August 3, 2020, Tomaro contacted Defendant's human resources department and reported that he believed he was being discriminated against on the basis of his sexual orientation.

32. On or about October 16, 2020, Tomaro initiated a Charge of Discrimination with the Ohio Civil Rights Commission, alleging that Defendant had treated

him less favorably than heterosexual employees, had retaliated against him following the nude photograph incident, and that Defendant was attempting to manage him out.

33. On or about December 3, 2020, Defendant terminated Tomaro's employment.

34. Tomaro's only offense was that he was involved in a romantic relationship gone wrong that Defendant found offensive.

35. Defendant terminated Tomaro because of his sexual orientation and/or because Tomaro did not conform to gender stereotypes held by Defendant.

36. Upon information and belief, were Tomaro a heterosexual female employee, Defendant would not have undertaken a course of action to manage Tomaro out of the company following the receipt of nude photographs.

37. Upon information and belief, Defendant actually did retain a heterosexual female employee who was victimized in a manner similar to Tomaro's victimization.

38. Defendant terminated Tomaro in retaliation for his complaints internally and externally of unlawful discrimination.

39. Defendant's termination of Tomaro was at least partially motivated by Tomaro's having been victimized by an intimate homosexual acquaintance.

40. Upon information and belief, Defendant was uncomfortable that a homosexual employee was harassed, stalked, and assaulted by an intimate acquaintance.

### COUNT I: GENDER DISCRIMINATION IN CONTRAVENTION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND OHIO REV. CODE § 4112

41. Tomaro realleges all prior paragraphs of this Complaint.

42. Tomaro is homosexual and as such in a protected class pursuant to Title VII of the Civil Rights Act of 1964.

43. As alleged above, Tomaro did not conform to gender stereotypes held by Defendant.

44. Defendant terminated Tomaro because of Tomaro's sexual orientation and because Tomaro did not conform to gender stereotypes it held, an act proscribed by 42 U.S.C. § 2000e-2(a)(1) and Ohio Rev. Code § 4112.02(A).

45. As a direct and proximate result of Defendant's unlawful conduct, Tomaro has suffered and will continue to suffer damages.

### COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND OHIO REV. CODE § 4112

46. Tomaro realleges all prior paragraphs of this Complaint.

47. Tomaro repeatedly complained about acts by Defendant that were and/or that he reasonably believed were in violation of Title VII and Ohio Rev. Code § 4112.

48. Defendant's termination of Tomaro was in retaliation for activity protected by Title VII and Ohio Rev. Code § 4112 and was in contravention of 42 U.S.C. § 2000e-3(a) and Ohio Rev. Code § 4112.02(I).

49. As a direct and proximate result of Defendants' unlawful conduct, Tomaro has suffered and will continue to suffer damages.

### COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

54. Tomaro realleges all prior paragraphs of this Complaint.

55. Ohio has clear public policies against menacing by stalking and telecommunications harassment, as manifested by Ohio Rev. Code §§ 2903.211 and 2917.21.

56. Ohio has a clear public policy against common law assault.

57. Terminating an employee who is the victim of menacing by stalking, telecommunications harassment, and common law assault, because that victimization makes the employer uncomfortable, has a chilling effect on the reporting of such conduct and jeopardizes the aforementioned public policies.

58. Defendant terminated Tomaro because Tomaro was the victim of menacing by stalking, telecommunications harassment, and common law assault and because that victimization made Defendant uncomfortable.

59. Defendant's termination of Tomaro jeopardizes the public policy of this state.

60. As a result of Defendant's wrongful termination of Tomaro, he has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Antonio Tomaro respectfully requests that this Honorable Court grant the following relief:

1. An award against Defendants of damages to compensate Tomaro for back pay, front pay, and other compensatory damages, in an amount in excess of $25,000 per claim;

2. An award of punitive damages in excess of $25,000 per claim;

3. An award of reasonable attorney's fees and costs for Tomaro's claims as allowable and/or required under law;

4. Any award of other relief that this Court may deem necessary and proper.

Respectfully submitted,

*s/ Sean H. Sobel*
Sean H. Sobel (0086905)
**Sobel, Wade & Mapley, LLC**
55 Erieview Plaza, #370
Cleveland, Ohio 44114
T: (216) 223-7213
sobel@swmlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Antonio Tomaro demands a trial by jury by the maximum number of jurors permitted.

*s/ Sean H. Sobel*
Sean H. Sobel (0086905)
